[No. 23182. Department One. June 12, 1931.]

FRANK O. FIELD, *Respondent*, v. ELEANOR FIELD, *Appellant*.[1]

[1]Reported in 300 Pac. 532.

*George H. Crandell,* for appellant.

*W. N. Beal* and *Hull & Murray,* for respondent.

MITCHELL, J.—Frank O. Field, by a complaint, and his wife Eleanor Field, by a cross-complaint, applied for a divorce, a disposition of their property and the care and custody of their only child, Dorothy, sixteen years of age. At the hearing, and after a conference between the parties and their attorneys, a settlement of their property rights was agreed upon and in open court stipulated into the record as a part of the trial. Thereupon, evidence was introduced in support of the complaint and cross-complaint for a divorce, at the conclusion of which the court orally decided the case and directed findings and an interlocutory order, accordingly.

Thereafter, and prior to signing findings of fact or any order in the case, the defendant filed an application to reopen the case for the introduction of further testimony, on the ground of newly discovered evidence with reference to the property rights of the parties; alleging that the plaintiff had secreted or failed to disclose certain property under his control belonging to the parties, and also for partial relief against the stipulation of the parties as to their property rights, because certain obligations for which she was personally liable had been overlooked in making the stipulation. Her application in this respect was regularly heard upon affidavits on her behalf and controverting affidavits on behalf of the plaintiff, and the motion was denied. Thereupon, findings of fact were made and entered, upon which an interlocutory order of divorce was entered, and upon which a further order was entered disposing of the property rights of the parties according to their stipulation in open court at the trial,

and, also, a further order providing for the care and custody of the child. The defendant has appealed.

Appellant's present attorney was in no way connected with the case until after the giving of the notice of appeal by one of her former attorneys of record.

On the appeal, it is claimed that the interlocutory order of divorce should not have been granted. Upon a careful consideration of the evidence, which in our opinion need not be set out, introduced by and on behalf of each party, we are not disposed to disturb the order in this respect.

One of the principal complaints on the appeal is two-fold: First, that the court erred in approving the stipulation between the parties; and, second, in not reopening the case for the introduction of further testimony as to the property rights of the parties. This application was presented by an attorney different from those who represented her at the trial when the stipulation was made in open court.

As to the first part of this assignment, omitting for the moment any consideration of the stipulation as being affected by the substance of the application to reopen the case for further testimony, the record is clear that, after a conference between the parties and their attorneys, the stipulation was made in open court and entered of record, each party being present with his attorney. There was nothing difficult of being understood by the appellant concerning the property which was specifically described in the stipulation, because it was situate at Centralia, which had been her home for about twenty years, and a part of which property consisted of their home place and household furniture.

As to the second division of this assignment, which is more strongly urged on behalf of the appellant, it appears that her application to reopen the case

was supported by her affidavit to the effect that, in making the stipulation, the parties had omitted to take into consideration two of her personal obligations which she alleged were in fact community obligations; and also that she had just discovered the respondent failed to disclose his ownership of certain obligations in his favor against one of the banks of Centralia. The respondent, by affidavit, denied positively each of the statements in her affidavit, and was corroborated by an affidavit of an officer of the bank to the effect that the bank had issued no obligation in which the respondent had any interest.

The denial by the court of appellant's application to permit oral testimony at the hearing of this motion, as well as the denial of the motion to reopen the case for the introduction of further testimony, upon the affidavits filed, were matters within the discretion of the trial court, subject to review only for an abuse of discretion, which is not made to appear in the record.

[3] Lastly, it is contended that the court erred in not making a greater allowance for the support of the child, although the amount fixed is according to the terms of the stipulation in open court. We are not disposed to disturb the order in this respect, particularly in view of the practice statute, Rem. Comp. Stat., § 988, which, while it provides that an interlocutory order in divorce proceedings shall be final and conclusive as to the custody, management and division of the property of the parties subject only to the right of appeal, does not contain any such provision as to the care and support of children.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and MILLARD, JJ., concur.